463 F.2d 1188
 Elihu KING, aka Lee Dov King, aka Simon Matthew King, aka
Lee Dov Rappoport, Plaintiff-Appellee,
v.
William P. ROGERS, as Secretary of State of the United
States of America, Defendant-Appellant.
 No. 26725.
 United States Court of Appeals,
 Ninth Circuit.
 June 26, 1972.
 
 Charles Gordon, Gen. Counsel, Washington, D. C., James R. Dooley, Asst. U. S. Atty., Robert L. Meyer, U. S. Atty., Los Angeles, Cal., for appellant.
 Burton C. Jacobson (argued), of Atkins & Jacobson, Beverly Hills, Cal., for appellee.
 Before BARNES, WRIGHT and CHOY, Circuit Judges.
 CHOY, Circuit Judge:
 
 
 1
 The Secretary of State appeals a district court judgment finding that Elihu King remains a United States citizen. The district court held that the Secretary had failed to prove that King voluntarily renounced his United States citizenship when he became a naturalized British subject. We reverse.
 
 
 2
 King was born in the United States, and became a citizen at birth. His parents were divorced, and he lived with his father until 1948, when he obtained a United States passport. While en route to Palestine, he was interned by the Lebanese government during the Arab-Israeli war. He was released and sent to Italy, where his passport was taken from him by Italian officials. King immediately returned to Palestine without his passport, and served in the Israeli armed forces.
 
 
 3
 After the war, he attempted to obtain a new United States passport, but bureaucratic delays caused him to obtain an Israeli laissez-passer to visit his mother in Malaya. There King again applied for a United States passport. The Secretary of State agreed to grant a passport, but only for return to the United States. King refused the condition, and applied for a British passport, becoming a naturalized British subject in 1954.
 
 
 4
 In 1958, King returned to Israel, becoming an Israeli citizen. There he subsequently married a United States citizen. In 1964, he attempted once more to obtain a United States passport, but was refused on the ground that he had relinquished his citizenship in 1954. King obtained an alien immigrant visa, returned to the United States, and began this action. He is eligible for naturalization as the spouse of a United States citizen.
 
 
 5
 The Secretary's defense to King's suit rests upon 8 U.S.C. Sec. 1481(a) (1), which reads in relevant part:
 
 
 6
 ". . . [A] person who is a national of the United States whether by birth or naturalization, shall lose his nationality by--(1) obtaining naturalization in a foreign state upon his own application . . ."
 
 
 7
 We assume, without deciding, that specific subjective intent to renounce United States citizenship is required for expatriation.[1] The Secretary may prove this subjective intent by evidence of an explicit renunciation, Jolley v. Immigration and Naturalization Service, 441 F.2d 1245 (5th Cir. 1971), acts inconsistent with United States citizenship, Baker v. Rusk, 296 F.Supp. 1244 (C.D., Cal., 1969), or by "affirmative voluntary act[s] clearly manifesting a decision to accept [foreign] nationality . . .," In re Balsamo, 306 F.Supp. 1028, 1033 (N.D., Ill. 1969). Such proof need by only by a preponderance of the evidence. 8 U.S.C. Sec. 1481(c).
 
 
 8
 The Secretary amply met his burden in this case, and the district court was clearly erroneous in its decision. First, to obtain British naturalization, King took an oath of allegiance to Queen Elizabeth II,[2] which while alone insufficient to prove renunciation provides substantial evidence of intent. Baker, supra, 296 F.Supp. at 1246. Second, in his correspondence with his Selective Service board, King listed his citizenship as British and Israeli; and in 1954 he returned his draft card with the notation:
 
 
 9
 "Dear Sirs,
 
 
 10
 "Please take my name of your lists; I am a British subject and not liable for service in the U.S. forces."
 
 
 11
 Third, in 1959, while investigating the possibility of a United States visa, King executed an "Affidavit of Expatriated Person" before the United States Vice Consul in Haifa, Israel. The affidavit read in part:
 
 
 12
 "I, Lee Dov King, solemnly swear that I was naturalized as a citizen of the United Kingdom upon my own application . . . on March 16, 1954.
 
 
 13
 "I further swear that the act mentioned above was my free and voluntary act and that no undue influence, compulsion, force or duress was exerted upon me from any source whatsoever."
 
 
 14
 He also told the Vice Consul,
 
 
 15
 "In March 1954 I legally changed my name from Lee Dov Rappoport to Lee Dov King, and at the same time was naturalized as a British subject. I informed the American Consulate in Singapore of this. I made no formal statement of renunciation of my American citizenship then, since I assumed it was unnecessary and that my becoming a British subject was all that was necessary. I am perfectly willing to make a formal renunciation of United States citizenship, if this is what will simplify my status.
 
 
 16
 "Both from my own and, as far as I can see, a legal point of view, my national status is that of a naturalized British subject only; I have no other nationality." (emphasis supplied.)
 
 
 17
 These statements indicate that while King never formally renounced his United States citizenship, he intended to do so when he became a naturalized British subject, and that he would do so at any time to "simplify" matters. His selective service correspondence is inconsistent with United States citizenship. After 1954, King did not consider himself to be a United States Citizen. In 1954 he had the specific subjective intent to and did renounce his United States citizenship.
 
 
 18
 Reversed.
 
 
 
 [1]
 Compare Savorgnan v. United States, 338 U.S. 491, 70 S.Ct. 292, 94 L.Ed. 287 (1950) with Afroyim v. Rusk, 387 U.S. 253, 87 S.Ct. 1660, 18 L.Ed.2d 757 (1967); Kennedy v. Mendoza-Martinez, 372 U.S. 144, 83 S.Ct. 554, 9 L.Ed.2d 644 (1963); Nishikawa v. Dulles, 356 U.S. 129, 78 S.Ct. 612, 2 L.Ed.2d 659 (1958); and Trop v. Dulles, 356 U.S. 86, 78 S.Ct. 590, 2 L.Ed.2d 630 (1958). Cf. Rogers v. Bellei, 401 U.S. 815, 91 S.Ct. 1060, 28 L.Ed.2d 499 (1971)
 
 
 [2]
 King took the following oath on March 16, 1954:
 "I, Lee Dov King known as Simon Matthew King formerly known as Lee Dov Rappoport swear by Almighty God that I will be faithful and bear true allegiance to Her Majesty Queen Elizabeth the Second, Her Heirs and Successors, according to law."